IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

SHANE MARCUM,

        Plaintiff,

v.                                             Civil Action Number: 2:25-cv-00681

JEFFREY CASEY,
ANDREW BUTCHER,
ASHLEY SPARKS and
JOHN/JANE DOES.

        Defendants.

## COMPLAINT

Comes now the Plaintiff, Shane Marcum, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Shane Marcum (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at Southwestern Regional Jail (hereinafter "SWRJ"). Plaintiff has exhausted his administrative remedies.

2. West Virginia Division of Correction and Rehabilitation (hereinafter "WVDOCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDOCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDOCR is responsible for overseeing the jails and correctional facilities throughout the state and employed the individual defendants named herein. The SWRJ is located in Logan County, WV.

3. Defendant Jeffrey Casey was employed by the West Virginia Division of Corrections as a correctional officer at SWRJ that used or participated in the use of excessive force against the plaintiff.

4. Defendant Andrew Butcher was employed by the West Virginia Division of Corrections as a correctional officer at SWRJ that used or participated in the use of excessive force against the plaintiff.

5. Defendant Ashley Sparks was employed by the West Virginia Division of Corrections as a correctional officer at SWRJ that used or participated in the use of excessive force against the plaintiff.

6. Defendant John/Jane Doe(s) were employed by the West Virginia Division of Corrections as a correctional officer at SWRJ that used or participated in the use of excessive force against the plaintiff.

7. The wrongful acts of the individual defendants directly resulted in plaintiff being seriously injured. Plaintiff affirmatively states that he has exhausted all administrative remedies. Plaintiff further asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage if applicable to the claims made herein. The defendants are being sued in their individual capacities.

8. All events and occurrences alleged herein occurred in the State of West Virginia.

## **FACTS**

9. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 8 as if set forth herein.

10. At all times relevant herein, Plaintiff was an inmate at SWRJ.

11. On or about November 30, 2023, as an inmate of the West Virginia Division of Corrections, plaintiff was grabbed and turned by defendant Casey Jeffrey. Plaintiff was taken to the ground by Defendant Sparks. Plaintiff was then sprayed with OC multiple times.

12. At no point did plaintiff resist, disobey an order or become combative. Defendants provided no warning to plaintiff prior to spraying him and employed no efforts to temper prior to physically beating him. The spraying and beating was done for the purpose of punishment.

13. Subsequent to being sprayed with OC. Plaintiff was again physically beaten. Plaintiff had photos of his face taken and x-ray of his foot. He is also suffering from a wrist/hand injury.

14. The conduct of defendants was such that through their training and legal precedent, defendants would have known that punching, kneeing and spraying an inmate that could not protect himself and who was not a threat to the officers or himself, violated West Virginia Corrections policy and procedure as well as plaintiff's constitutional rights. Some of the beating occurred while plaintiff was handcuffed.

15. Defendants' conduct, carried out under the color of state law, violated WVDOCR policy which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDOCR. This conduct also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to the defendants and at no time did plaintiff threaten any of the defendants.

## COUNT I - VIOLATION OF 42 USC §1983

16. Plaintiff realleges and incorporates paragraphs 1 through 15 above as if fully set forth herein.

17. Defendants used excessive force against Plaintiff as previously described herein. This conduct was unnecessary and unjustified. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment and emotional distress upon him and was carried out under the color of the laws of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendants are being sued in their individual capacity.

18. The excessive force used against Plaintiff by the individual defendants herein, was in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity, as well as cruel and unusual punishment. Defendants' use of excessive force (punching, kicking, kneeing and spraying) as described herein was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted and carried out with malicious intent. The malicious intent is evident from the threats that defendants made. The conduct described herein is actionable pursuant to 42 U.S.C. § 1983.

19. The conduct of Defendants was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's right to be free from such use of force under the Eighth Amendment. Further, Defendants' acts, as set forth herein, were done while acting under the color of state law. Plaintiff has continued to seek medical assistance to address his physical injuries that were severe. Plaintiff has suffered severe emotional distress. Plaintiff suffered head injuries, bruises to his body, head, hand and wrists.

20. After the beating, defendants wrote false reports alleging that plaintiff resisted. This was done in an attempt to conceal their own wrongdoing.

21. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendants' violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

SHANE MARCUM,
By Counsel,

**/s/ Paul M. Stroebel**
Paul M. Stroebel (WV Bar #5758)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroeb@aol.com